|  |  |  |
|---|---|---|
| **MONROY** | : | UNITED STATES DISTRICT COURT |
|  | : | DISTRICT OF NEW JERSEY |
| Plaintiff(s), | : |  |
|  | : | Hon. William H. Walls |
| -vs- | : | Civil Action No. 10-237   (WHW) |
|  | : |  |
| **SLUSHER et al** | : | PRETRIAL SCHEDULING ORDER |
|  | : | AND ORDER ON ORAL MOTION |
| Defendant(s). | : |  |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on April 5, 2010; and for good cause shown:

**IT IS on this 6th day of April, 2010**

**ORDERED THAT:**

### I. DISCLOSURES

1. Fed. R. Civ. P. 26 disclosures have been exchanged**.**

### II.  DISCOVERY

2. Fact discovery is to remain open through **August 16, 2010**.  No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

3. The parties may serve interrogatories limited to **twenty-five (25)** single questions and requests for production of documents and requests to admit on or before **April 19, 2010** to be responded to **within thirty (30) days of receipt**.

4. Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area (including but not limited to treating physicians) are to be completed by **August 16, 2010.**  No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege.  See Fed. R. Civ. P. 32(d) (3) (A).  No instruction not to answer shall be given unless a privilege is implicated.

5.	Any discovery dispute shall be brought to the Court's attention in the first instance by letter or by telephone conference call immediately after the parties' good faith attempt to resolve the dispute has failed.  See L. Civ. R. 16.1(f)(1).  Discovery disputes shall be brought to the court's attention no later than **thirty days prior to the close of discovery**.

6.	No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court.

### III.  DISCOVERY CONFIDENTIALITY ORDERS

7.	Any proposed confidentiality order agreed to by the parties must strictly comply with Fed.R.Civ.P. 26© and Local Civil Rule 5.3.  See also Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994); Glenmede Trust Company v. Thompson, 56 F.3d 476 (3d Cir. 1995).  Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order."  The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and © the clearly defined and serious injury that would result should the order not be entered.  Any such order must be clearly designated **"Discovery Confidentiality Order."**  See Local Civil Rule 5.3.

### IV.  FUTURE CONFERENCES

8.	There shall be a telephone status/settlement conference before the Undersigned on **July 6, 2010 at 12:00 p.m.**  Plaintiff shall initiate the telephone call.  By **June 30, 2010**, each party is to deliver directly to Chambers (do not e-file or file with the Clerk of Court) a confidential letter, not to exceed **five (5) pages**, summarizing the relevant facts, the respective legal positions, status of the case and the client's position on settlement.

9.	The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

10.	Counsel should be prepared to discuss settlement at every conference with the Court.  The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must either attend or be immediately available by telephone.  In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

11.	Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

12. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

## V. MOTIONS

13. Any motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed not later than **May 31, 2010.**

14. <u>No motions are to be filed without prior written permission from this Court.</u> All dispositive motions must first be subject to a dispositive motion pre-hearing. Discovery must be completed prior to the filing of a dispositive motion. These prerequisites must be met before any motions are filed and the motions will be returned if not met. All calendar or dispositive motions, if permitted, shall comply with Local Civil Rules 7.1(b), Appendix N and 78.1.

15. Dispositive motions, if any, are to be filed by     **TO BE DETERMINED**  .

## VI. EXPERTS

16. All affirmative expert reports shall be delivered by **October 4, 2010** with depositions of those experts to be taken and completed **within thirty (30) days of receipt of report**. See Fed. R. Civ. P. 26(b) (4) (A). Any such report is to be in the form and content as required by Fed. R. Civ. P. 26(a) (2) (B).

17. All responding expert reports shall be delivered by **November 4, 2010** with depositions of those experts to be taken and completed **within thirty (30) days of receipt of report**. Any such report shall be in the form and content as described above.

18. No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

## VII. FINAL PRETRIAL CONFERENCE

19. A final pretrial conference shall be conducted pursuant to Civil Rule 16(d) **on [TO BE SET]**

20. All counsel are directed to assemble at the office of plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the Final Pretrial Order in the form and content required by the Court. Plaintiff's counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

21. The original of the Final Pretrial Order shall be delivered to Chambers not later than **forty-eight (48) hours** before the pretrial conference. All counsel are responsible for the timely submission of the Final Pretrial Order.

22. **FAILURE TO FOLLOW THIS ORDER WILL RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

*s/ Claire C. Cecchi*
**HON. CLAIRE C. CECCHI**
**United States Magistrate Judge**

Original:    Clerk of the Court
    cc:    Hon. William H. Walls, U.S.D.J.
           All Parties
           File