UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISABEL MONROY,<br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>DENNIS M. SLUSHER and MEADE<br>TRUCKING COMPANY, INC.,<br><br>　　　　　　　　Defendants. | **OPINION and ORDER**<br><br>Civ. No. 2:10-cv-00237 (WHW) |

### Walls, Senior District Judge

　　Plaintiff Isabel Monroy is suing Defendants Dennis M. Slusher and Meade Trucking Company, Inc. ("Meade Trucking") to recover damages for injuries sustained in a motor vehicle accident. The defendants move for summary judgment. Under Rule 78.1(b) of the New Jersey Federal Practice Rules, the Court decides the motion without oral argument. The motion for summary judgment is denied.

### FACTUAL AND PROCEDURAL BACKGROUND

　　This case concerns a collision between a car driven by the plaintiff Isabel Monroy and a tractor trailer driven by defendant Dennis M. Slusher and owned by defendant Meade Trucking. According to Ms. Monroy, she was struck from behind by the vehicle driven by Mr. Slusher while stopped at a red light. According to Mr. Slusher, the collision occurred when Ms. Monroy attempted to enter the lane in which he was traveling.

The accident occurred on April 1, 2008. Ms. Monroy filed suit in the Superior Court of New Jersey in Middlesex County. The defendants removed the case to this Court on January 15, 2010 on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

## STANDARD OF REVIEW

Summary judgment is appropriate where the moving party establishes that "there is no genuine dispute as to any material fact and that [it] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat a … motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Scott v. Harris, 550 U.S. 372, 380 (2007) (emphasis in original) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). There is a genuine issue of fact if a rational factfinder could find for the nonmoving party. See Scott, 550 U.S. at 380. The dispute is material if, under the substantive law, it would affect the outcome of the suit. See Anderson, 477 U.S. at 248.

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. "At the summary judgment stage, facts must be viewed in the light most favorable to the non-moving party only if there is a 'genuine' dispute as to those facts." Scott, 550 U.S. at 380 (citing Fed. R. Civ. Proc. 56(c)). When one party's story is "blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott, 550 U.S. at 380.

**DISCUSSION**

The plaintiff and the defendant present two competing versions of the collision. The defendant alleges that the plaintiff was attempting to change lanes when the collision occurred. Def. Br. ¶¶ 3-4, 8-9. The plaintiff alleges that she had been fully in the lane in which the accident occurred for a few minutes and was stopped at a red light when she was rear-ended. Pl. Br. ¶ 3.

To make out a claim for negligence, a plaintiff must show that: 1) the defendant owed a duty of care to the plaintiff; 2) the defendant breached said duty of care; and 3) the defendant's breach was the proximate cause of an injury to the plaintiff. Polzo v. Cnty. of Essex, 960 A.2d 375, 384 (N.J. 2008). A driver of an automobile has a duty to use reasonable care in the control, management and operation of his vehicle. Goldstone v. Tuers, 459 A.2d 691, 692 (N.J. Super. Ct. App. Div. 1983). Part of this duty of care mandates that "The driver of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of the preceding vehicle and the traffic upon, and condition of, the highway." N.J. Stat. Ann. § 39:4-89 (2011). A violation of this "tailgating" statute constitutes negligence in the event of an accident. Dolson v. Anastasia, 258 A.2d 706, 710 (N.J. 1969). On the other hand, a driver who is changing lanes may be held responsible for a resulting accident on the basis of negligence. See Perina v. Catbagan, 2010 WL 2696733 (N.J. Super. Ct. App. Div. July 7, 2010).

There is a genuine issue of material fact in this case regarding where the plaintiff's car was located in relation to the defendant's tractor at the time of the accident. The issue is material because whether each party was negligent depends on which version of events the factfinder believes. The defendants argue that the issue is not genuine because the police report supports the defendants' allegations. Def. Br. at 4-6. The defendants note that the damage as reported by the responding police officer is inconsistent with the plaintiff's version of the accident. Id. at 5.

The plaintiff responds that because she was rushed to the hospital, the police report was drafted based on the defendant's description of the accident. Pl. Br. ¶ 6; Pl. Ex. D, Monroy Dep. 28:21-29:13, Oct. 14, 2010. The evidence is not so one-sided that no reasonable jury could believe the plaintiff's version of events.

## CONCLUSION

For the foregoing reasons, it is on this 5th day of October, 2011:

**ORDERED** that Dennis M. Slusher & Meade Trucking Company, Inc.'s motion for summary judgment is denied.

**/s William H. Walls**
United States Senior District Judge